<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ERICA DELGADO,          : | |
| : | |
| Plaintiff,  : | |
| : | **Civil Action No. 14-4032 (SRC)** |
| v.                 : | |
| : | **OPINION** |
| RARITAN BAY MEDICAL CENTER,    : | |
| : | |
| Defendant.  : | |
| : | |
| : | |

<u>**CHESLER**</u>, District Judge

This matter comes before the Court upon the motion by Defendant Raritan Bay Medical Center ("Defendant") for summary judgment on all claims filed by Plaintiff Erica Delgado ("Plaintiff").   Plaintiff opposes the motion.   The Court has considered the papers filed by the parties, and it proceeds to rule on the motions without oral argument, pursuant to Federal Rule of Civil Procedure 78.   For the reasons set forth below, the Court will grant the summary judgment motion in its entirety, and summary judgment will be entered in favor of Defendant on all claims.

I.    BACKGROUND

   A. Factual History

From May 9, 2005, to August 31, 2010, Plaintiff worked as a Patient Care Assistant at Raritan Bay Medical Center.   When she was hired, Plaintiff received an Employee Handbook ("the Handbook").   The Handbook provides as follows:

This handbook is **not a contract** of employment, but is a set of guidelines for the implementation of current personnel policies.

**Your employment with Raritan Bay Medical Center is "AT-WILL".  This means that you or Raritan Bay Medical Center may terminate the relationship at any time, with or without cause, and with or without notice.  This Handbook does not alter your "AT-WILL" status.  No oral or written statements of personnel policy or employment offer letter issued by Raritan Bay Medical Center are intended to be offered of contracts or contracts of employment.  Only a signed agreement signed by the President of RBMC or another duly authorized officer of Raritan Bay Medical Center can alter your "at-will" status or any provisions of this Handbook**.

(Sgambati Cert., Exhibit 9) (emphasis in original).

Plaintiff signed an Acknowledgment and Receipt of the Handbook in April 2005.   It stated:   "I have received a copy of [the Handbook].   I understand it is my responsibility to read and understand the information included in [it]."   (Sgambati Cert., Exhibit 10).   Each Handbook issued during the course of Plaintiff's employment contained the same disclaimer of contract.

In April of 2006, Plaintiff submitted a Biographical Change/Correction Form noting a change in her name from Erica Rios to Erica Delgado.

On August 25, 2010, Plaintiff submitted a resignation letter.   Because Plaintiff did not then arrive to work during a two-week notice period, on August 31, Defendant presumed that Plaintiff abandoned her position.

**B. Procedural History**

On May 5, 2014, Plaintiff filed a civil lawsuit in state court against Defendant.   In her complaint, Plaintiff alleges that:

Defendant Raritan Bay has made numerous violations against my employment contact.   My right to whistleblow in the company was

2

> violated, Discriminated against my race, I was denied benefits to
> workers compensation, family sick leave, sick pay, and by way of
> retaliation from employer which has resulted in multiple
> Disabilities.   I am legally blind in one eye I have injuries to my
> spine back resulting from a work injury in 2008 which employer did
> not accommodate to the injuries accrued which were a torn ligament
> in my right leg and back injuries Anxiety Disorder PTSD, has also
> accrued from these hostile environment and retaliation on behalf of
> staff workers and supervisors etc.

> (Sgambati Cert., Exhibit 1).

Defendant removed the matter from Middlesex County Superior Court in June 2014.

Subject matter jurisdiction exists because Plaintiff's claims arise in part under the federal Family

and Medical Leave Act ("FMLA").   28 USC § 1331.

On July 15, Defendant moved to dismiss Plaintiff's claims under Federal Rule of Civil

Procedure 12(b)(6), and this Court converted the motion into one for summary judgment.

Plaintiff has opposed the motion.

In support of its motion, Defendant argues that there are no genuine disputes of material

fact, and that Defendant is entitled to judgment by law.   Defendant urges that Plaintiff has failed

to adduce any record evidence which establishes the elements of her claims.   Plaintiff counters

that the Court should not dismiss her claims or grant summary judgment, and she points to

alleged deficiencies in Defendant's submissions.   Essentially, Plaintiff claims that Defendant's

motion is contradictory and leaves room for doubt.

## II.   DISCUSSION

### A.   Standard of Review

The standard upon which a court evaluates a summary judgment motion is well-

established.   Federal Rule of Civil Procedure 56(c) provides that summary judgment should be

granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."   Fed. R. Civ. P. 56(c); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Kreschollek v. S. Stevedoring Co., 223 F.3d 202, 204 (3d Cir. 2000).   In deciding a motion for summary judgment, a court must construe all facts and inferences in the light most favorable to the nonmoving party.   See Boyle v. County of Allegheny Pennsylvania, 139 F.3d 386, 393 (3d Cir. 1998).   The moving party bears the burden of establishing that no genuine issue of material fact remains.   See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

Once the moving party has properly supported its showing of no triable issue of fact and of an entitlement to judgment as a matter of law, the non-moving party "must do more than simply show that there is some metaphysical doubt as to material facts."   Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986); see also Anderson, 477 U.S. at 247-48.   The Supreme Court has held that and Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"   Celotex, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)); Big Apple BMW v. BMW of N. Am., 974 F.2d 1358, 1363 (3d Cir. 1992), cert. denied, 507 U.S. 912 (1993).

### B.    Timeliness of Plaintiff's Statutory Claims

Various statutes may govern Plaintiff's general claims of discrimination and retaliation. For its part, the New Jersey Law Against Discrimination carries a two-year statute of limitations which runs from the date the cause of action accrues.   See Montells v. Haynes, 133 N.J. 282,

292 (1993); Alexander v. Seton Hall University, 204 N.J. 219, 228 (2010); Roa v. Roa, 200 N.J. 555, 561 (2010). If any of Plaintiff's claims are instead governed by the Workers' Compensation Act, it also imposes a two-year period of limitations. Labree v. Mobil Oil Corp., 300 N.J. Super 234, 244 (App. Div. 1997).   The Family and Medical Leave Act, which may cover some of Plaintiff's allegations, provides for a two- or three-year limitations period, depending on whether the violation was willful.   29 USC § 2617(c)(1)-(2).   Plaintiff also asserts that Defendant violated her "right to whistleblow"; such a claim would fall under New Jersey's Conscientious Employee Protection Act ("CEPA"), which requires claims to be filed "within one year" of the violation.   N.J.S.A. 34:19-5.

    As illustrated, Plaintiff's claims are subject to varying statutes of limitations running from one to three years, depending on the claim.   Plaintiff's position terminated in August of 2010, and therefore no stated cause of action accrued after that date.   Accordingly, Plaintiff needed to file her claim within one-to-three years of August 2010, i.e., no later than August of 2013.   Plaintiff did not file this lawsuit until May 5, 2014.   Plaintiff's claims are therefore untimely and no longer viable.   The Court also notes that Plaintiff has not responded to Defendant's statute-of-limitations arguments, and thus appears to have abandoned these claims.

    **C.    Plaintiff's Contract Argument**

    Plaintiff also generally asserts that Defendant breached her employment contract.   When an employment handbook clearly and unmistakably disclaims that it constitutes an employment contract, it cannot be interpreted as having formed one.   See Woolley v. Hoffman-LaRoche, 99 N.J. 284, 309, modified, 101 N.J. 10 (1985); Nicosia v. Wakefern Food Corp., 136 N.J. 401, 412 (1994) ("An effective disclaimer by the employer may overcome the implication that its

employment manual constitutes an enforceable contract of employment.").

Here, the Handbook specifically states, "This handbook is not a contract of employment." (Sgambati Cert., Exhibit 9).   This is a clear and unmistakable disclaimer against the formation of a contract.   Indeed, if any confusion remained, the Handbook goes on to state expressly, "Your employment with Raritan Bay Medical Center is 'AT-WILL'.   This means that you or Raritan Bay Medical Center may terminate the relationship at any time, with or without cause, and with or without notice."   (Sgambati Cert., Exhibit 9).   Plaintiff does not appear to argue that this language was confusing, or that she never received a copy of the Handbook.   Plaintiff instead appears to challenge the validity of her having signed the Handbook, as she later changed her legal name.   (See Docket Entry 10 at 2).   As this is a summary judgment motion, the Court may consider the exhibits submitted.   They reflect that Plaintiff indeed signed an acknowledgment that she had read and understood the Handbook, and such acknowledgment is not undermined by a later change in name.

Because Plaintiff's contract claim is premised on a document which is expressly not a contract, the claim is not viable.   See Falco v. Community Med. Ctr., 296 N.J. Super 298, 319-24 (App. Div. 1997).   Moreover, if Plaintiff's contract argument is based on the same facts that were to support her statutory claims, that would render her contract argument duplicative.   See Catalane v. Gilian Instrument Corp., 271 N.J. Super 476, 491-92 (App. Div. 1994).   Finally, Plaintiff appears to secondarily suggest that she did not resign.   The Court briefly notes that even if it credited this assertion, Plaintiff was an "at-will" employee, and thus Defendant would have been permitted to terminate her position for any reason.   Bernard v. IMI Sys., 131 N.J. 91, 105 (1993).

6

**III.    CONCLUSION**

For the foregoing reasons, the Court will grant Defendant's motion for summary judgment on Plaintiff's Complaint in its entirety.   An appropriate form of Order will be filed herewith.

                                             s/Stanley R. Chesler
                                             STANLEY R. CHESLER
                                             United States District Judge

DATED: November 12, 2014

7